Case 2:15-cv-00252-J-BB Document 6 Filed 08/18/15 Page 1 of 3 PageID 20



CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 AUG 18 PM 4:54

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

CHIMA AGIM, §
　§
　Petitioner, §
　§
v. § 2:15-CV-0252
　§
WILLIAM STEPHENS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
　§
　Respondent. §

### REPORT AND RECOMMENDATION TO DENY
### PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated at the Clements Unit in Potter County, Texas pursuant to a conviction for the offense of aggravated sexual assault out of the Judicial District Court of Dallas County, Texas. *See State v. Agim*, No. F-9847692-SI. By his federal habeas application, petitioner challenges a June 22, 2015 prison disciplinary proceeding conducted at the Clements Unit in Potter County, Texas. *See* Disciplinary No. 20150174106. Petitioner contends he is eligible for release on mandatory supervision, but acknowledges he did not lose previously earned good time as the result of the disciplinary proceeding. *See Questions* 16 and 18.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>must, at a minimum, be eligible for mandatory supervised release</u> **and**

have received a punishment sanction which included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice confirms petitioner is incarcerated pursuant to the aggravated sexual assault offense, and that his projected release date is his maximum sentence date of February 16, 2023. As of September 1, 1987, a prisoner serving a sentence for the offense of aggravated sexual assault is not eligible for mandatory supervised release. Tex. Code Crim. Proc. art. 42.18, §(8)(c)(6) (1987) (now Tex. Gov't Code § 508.149(a)(8) (2015)). As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Further, because petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits, as the law in the Fifth Circuit currently stands,[1] petitioner is not entitled to federal habeas corpus relief. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHIMA AGIM be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

---

[1] The loss of recreation and commissary privileges is not an action challengeable in federal habeas corpus. *See Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). Similarly, petitioner's confinement in solitary confinement or administrative segregation, if any, is not redressible in federal habeas corpus. *See Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. The Fifth Circuit has also specifically evaluated changes to line classification and held such changes are not challengeable in federal habeas corpus. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this __18th__ day of August 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).